# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ERIC RICARDO VEGA-ALVARADO,<br>Defendant. | Criminal No. 01-182 (SEC) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION REQUESTING AN ORDER FOR A TRANSFER (Docket No. 47)

TO THE HONORABLE COURT:

COMES NOW the United States of America ("Government" or "United States"), by and through the undersigned attorneys, and very respectfully states and prays as follows:

1. On March 10, 2008, defendant, Eric Ricardo Vega-Alvarado ("Defendant"), filed a motion requesting that the Court order the Bureau of Prisons to transfer him from the Special Housing Unit ("SHU") (a segregation unit) at the Federal Correctional Institution, Terre Haute, Indiana, ("FCI Terre Haute") to a less secure facility, such as FCI, Florence, Colorado.[1]  See Docket No. 47. Defendant argues, in substance, that being housed in the SHU in FCI Terre Haute poses a danger to his health and is in violation of his Constitutional rights. See Id.

2. On March 19, 2008, the Court ordered the United States to respond to the foregoing motion.[2]

---

[1] In the alternative, Defendant requests that the court order him transferred into to SHU located in the medium security section of FCI, Terre Haute.

[2] On March 17, 2008, Defendant filed another motion alleging, in essence, ineffective assistance of appellate counsel. See Docket. No. 48. This motion should also be denied inasmuch as it ignores this Court's previous order that the proper forum for such an action (assuming it would be timely) is to "file a civil action under

3. The Prison Litigation Reform Act of 1995 (PLRA), codified at Title 42 United States Code, section 1997e(a) provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has recently held that failure to pursue administrative remedies is an affirmative defense. See Jones v. Bock, 127 S. Ct. 910, 921 (2007).

4. The United States respectfully submits that Defendant has failed to pursue any administrative remedies with respect to his housing assignment or the conditions therein. The only actions appearing in his administrative record are appeals from "Code 206", namely disciplinary matters. See Exhibit "A", annexed hereto.[3]

THEREFORE, Government respectfully requests that Defendant's motion be denied.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of March 2008.

    Rosa Emilia Rodríguez-Vélez
    United States Attorney

    s/ Charles R. Walsh
    Charles R. Walsh G-00514
    Assistant U.S. Attorney
    Torre Chardon Suite 1201
    350 Carlos Chardon Street
    San Juan, Puerto Rico  00918
    Tel: (787)766-5656

---

28 U.S.C. [§]2255." Docket No. 46.

[3] Even if Defendant were to ultimately exhaust administrative remedies to no avail, the appropriate remedy would be to file a civil action alleging violations of his constitutional rights. See McCaffery v. Winn, No. Crim. 05-4106, 2005 WL 2994370, at *1 (D.Mass. 2005)(noting that "actions challenging the conditions of confinement are--in the case of federal inmates--generally brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)").

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to the listed partes.
    I further certify that I have mailed by the United States Postal Service the document to the following non CM/ECF parties: Eric Ricardo Vega Alverado.

    At San Juan, Puerto Rico, this 28th day of March, 2008

                                          s/ Charles R. Walsh
                                          Charles R. Walsh
                                          Assistant U.S. Attorney